William Charles Geuze v. Commissioner.
Geuze v. Commissioner
Docket No. 44942.
United States Tax Court
1953 Tax Ct. Memo LEXIS 78; 12 T.C.M. (CCH) 1201; T.C.M. (RIA) 53343; October 28, 1953
*78 Robert J. Fetterman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax and penalty for the year 1947 in the respective amounts of $388.20 and $196.50. The case was heard in Detroit, Michigan, on September 16, 1953. At the hearing in this proceeding there was no appearance by the petitioner either in person or by counsel and respondent's motion to dismiss, insofar as the income tax was concerned, was granted. The respondent introduced evidence in support of the penalty determined and the case was submitted without briefs. From the evidence we make the following findings of fact. Findings of Fact The petitioner, during the taxable year 1947, was a single man about 31 years old, residing in Kalamazoo, Michigan. He was employed by the Fuller Manufacturing Company. His income tax return for that year was filed with the collector of internal revenue for the district of Michigan, at Detroit. This return on its face appears to be a joint return of petitioner and his wife, Mary Geuze. Petitioner claimed as dependents a daughter, Patricia Lee, and two sons, Robert and William, Jr. This return *79 was false and fraudulent. The evidence shows that petitioner was at all times during and prior to the taxable year involved single and unmarried; that he had no minor children to whose support he contributed during the taxable year; and that he did not live with and support Mary Geuze, a wife, during that time. The evidence shows that prior to 1941 petitioner lived with a single woman for a considerable period of time and that an illegitimate daughter was born; that this daughter was immediately let out for adoption; and that petitioner never at any time contributed anything toward her support. The evidence further shows that petitioner did not live with or support this woman subsequent to the year 1941, and was never at any time married to her. The petitioner had no sons and, therefore, his claim of exemption for the support and maintenance of Mary Geuze, a wife, and Patricia Lee, Robert and William, Jr., minor children, was false and fraudulent, and a part of the deficiency and income tax determined against the petitioner for the year 1947 was attributable to fraud, with intent to evade tax. Opinion LEMIRE, Judge: The petitioner failed to appear in person or by counsel in this *80 proceeding. Therefore, the deficiency in tax as determined by the respondent is presumed to be correct and, on motion of respondent, the Court found the deficiency in income tax was in the amount so determined. The burden of proof was on the respondent to show that part of the deficiency was due to fraud. Sec. 293 (b), I.R.C. This burden, we think, has been sustained by clear and convincing testimony. Having found that a part of the deficiency for the taxable year 1947 was due to fraud with intent to evade tax, we, therefore, sustain respondent's determination that the petitioner is liable for the 50 per cent addition to the tax for fraud. Decision will be entered for the respondent.